UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| AZAEL DYTHIAN PERALES, | ) | NO. SACV 11-201 JVS (AGR) |
| Petitioner, | ) | |
| v. | ) | **OPINION AND ORDER ON PETITION FOR WRIT OF HABEAS CORPUS** |
| UNITED STATES OF AMERICA, et al., | ) | |
| Respondents. | ) | |

On September 7, 2010, Petitioner, proceeding *pro se*, filed an "Application for Writ of Habeas Corpus" ("Petition") in the Eastern District of California. On January 24, 2011, the case was transferred to this district. (Dkt. No. 4.)

Although captioned as a petition for writ of habeas corpus, it plainly appears from the face of the Petition that this Court does not have habeas jurisdiction. Petitioner is not incarcerated or in custody. *See* 28 U.S.C. §§ 2241(c), 2254(a). Petitioner does not challenge a judgment, conviction, or sentence. *Id.* He meets none of the requirements set forth in 28 U.S.C. § 2241(c). Instead, the Petition, which names President Obama, Secretary of State Clinton, Attorney General Eric Holder, and an assortment of other governmental figures (including "all named defendants"), is virtually unintelligible. *See, e.g.,*

*Perales v. Dollar Tree, Inc.*, Case No. SACV 10-1772 JVS (AGR) (C.D. Cal. 2010); *Perales v. United States*, Case No. SACV 10-1737 JVS (AGR) (C.D. Cal. 2010); *Perales v. United States*, Case No. SACV 10-1472 JVS (AGR) (C.D. Cal. 2010); *Perales v. United* States, Case No. SACV 10-1250 JVS (AGR) (C.D. Cal. 2010); *Perales v. Cochran Law Firm*, Case No. SACV 10-1138 JVS (AGR) (C.D. Cal. 2010); *Perales v. Apex Building Maintenance*, Case No. CV 10-16-UA-DUTY (C.D. Cal. 2010), Dkt. No. 2 (order denying leave to file action without prepayment of filing fee and collecting previous denials).[1]

A petition for writ of habeas corpus is subject to summary dismissal when it plainly appears on the face of the petition that the petitioner is not entitled to relief. *Cf.* Rule 4 of the Rules Governing Section 2254 Cases in the United States Courts ("[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief in the district court," judge must dismiss petition and direct clerk to notify petitioner); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

Summary dismissal is appropriate here because there is no basis for habeas jurisdiction. The Petition is not cognizable under habeas and is frivolous. *See Mayle v. Felix*, 545 U.S. 644, 669-70, 125 S. Ct. 2562, 162 L. Ed. 2d 582 (2005) ("the purpose of the heightened pleading standard in habeas cases is to help a district court weed out frivolous petitions before calling upon the State to answer").

///
///
///
///
///

---

[1] *See also Perales v. Wilshire Restaurant Group*, Case No. SACV 09-1255-UA-DUTY (C.D. Cal. 2009).

IT IS HEREBY ORDERED that Judgment be entered summarily dismissing the Petition.

DATED: February 11, 2011

_____
JAMES V. SELNA
United States District Judge

Presented by:

_____
ALICIA G. ROSENBERG
United States Magistrate Judge

3